UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CAROLYN SPATAFORA,

                        Plaintiff,          Civil Action No.:  1:21-cv-477

  - against -

                                         **COMPLAINT**

TOWN SPORTS INTERNATIONAL
HOLDINGS, INC.,

                        Defendant.
------------------------------------X

       Plaintiff, Carolyn Spatafora ("**Plaintiff**" or "**Spatafora**"), by and through her undersigned attorneys, Law Office of Peter G. Goodman, PLLC, as and for her Complaint against defendant, Town Sports International Holdings, Inc. ("**Defendant**" or "**Holdings**") (Plaintiff and Defendant shall together be referred to as the "**Parties**"), states as follows:

### Introduction

       1.     This is an action for breach of contract, anticipatory breach, declaratory judgment, unjust enrichment, and *quantum meruit* with respect to Defendant's breach of the Amended and Restated Executive Severance Agreement dated as of February 25, 2015, between Town Sports International Holdings, Inc. and Carolyn Spatafora ("**Severance Agreement**"), as amended by the Second Amendment to Amended and Restated Executive Severance Agreement ("**Second Amendment**"), dated March 20, 2019.

       2.     Plaintiff seeks, among other things, (a) damages for unpaid severance benefits, (b) a declaratory judgment and order of specific performance that Defendant is obligated to pay Plaintiff future severance benefits through on or about February 2022, on the dates, and in the

amounts and manner set forth in the Parties' agreement, and (c) an award of Plaintiff's costs and disbursements of this action.

## Parties

3. Plaintiff, Carolyn Spatafora, is an individual residing at 108 Sportsmen Street, Central Islip, New York.

4. Defendant, Town Sports International Holdings, Inc., is a corporation organized and existing under the laws of the State of Delaware, which maintains its principal place of business at 1001 US North Highway 1, Suite 201, Jupiter, Florida.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant because at all relevant times, Defendant transacts business within New York State, uses real property in New York State, derives substantial revenue from transacting business in New York State, engages in a persistent course of conduct in New York State, is generally present in this State, the subject claim arises out of a transaction occurring in the New York State and, because pursuant to paragraph 10 of the Severance Agreement, Defendant consented to the personal jurisdiction of this Court for the resolution of any dispute relating to the interpretation, application or enforcement of the Severance Agreement.

7. Venue is properly laid pursuant to 28 U.S.C. §1391 in the United States District Court for the District of New York because a substantial part of the events or omissions giving rise

to the claim occurred in this District and, pursuant to paragraph 10 of the Severance Agreement, Defendant agreed to the venue of this Court.

## Facts

**A. The 2014 Agreement.**

8.      Effective May 12, 2014, Plaintiff was employed by Defendant as its Chief Financial Officer.

9.      On or about May 12, 2014, Scott Milford, Senior Vice President of Human Resources of Defendant's subsidiary, Town Sports International, LLC ("**TSI LLC**"), signed an Executive Severance Agreement – Carolyn Spatafora, dated as of May 12, 2014, between Town Sports International, LLC and Carolyn Spatafora ("**2014 Agreement**").

10.     Scott Milford signed the 2014 on behalf of TSI LLC.

11.     On or about May 12, 2014, Spatafora signed the 2014 Agreement.

**B. The Severance Agreement.**

12.     On or about February 25, 2015, David Kastin, Senior Vice President and General Counsel of Holdings and TSI LLC, signed the Severance Agreement.

13.     David Kastin signed the Severance Agreement on behalf of Holdings and TSI LLC.

14.     On or about February 25, 2015, Spatafora signed the Severance Agreement.

15.     The Severance Agreement was a binding agreement between the Parties.

16.     By entering into the Severance Agreement, Holdings and TSI LLC intended to amend and restate the 2014 Agreement in order to induce Spatafora to remain in their employ.

17.     In the Severance Agreement, Holdings and TSI LLC offered Spatafora severance payments in exchange for her commitments set forth in the Severance Agreement.

### C. The First Amendment.

18. On or about March 31, 2016, Patrick Walsh, Executive Chairman of Holdings and TSI LLC, signed an Amendment to Amended and Restated Executive Severance Agreement ("**First Amendment**").

19. On or about March 31, 2016, Spatafora signed the First Amendment.

### D. The Second Amendment.

20. On or about March 20, 2019, Patrick Walsh, Executive Chairman of Holdings and TSI LLC, signed the Second Amendment.

21. Patrick Walsh signed the Second Amendment on behalf of Holdings and TSI LLC.

22. On or about March 20, 2019, Spatafora signed the Second Amendment.

23. As amended by the Second Amendment, the terms of the Severance Agreement remained in full force and effect and was a binding agreement between the Parties.

24. By amending the Severance Agreement with the Second Amendment, Holdings and TSI LLC intended to induce Spatafora to remain in their employ.

25. By amending the Severance Agreement with the Second Amendment, Holdings and TSI LLC intended to provide severance to Spatafora in the event she became disabled.

26. Section 2 of the Second Amendment amended Paragraph 2(a) of the Severance Agreement to provide that Spatafora "shall be entitled to Severance stated herein if she becomes Disabled whether such termination by Employee is prior to or subsequent to a Change in Control. Such Disability being a Qualifying Termination by Employee."

27. Section 3 of the Second Amendment amended paragraph 2(a) of the Severance Agreement by inserting the following subsection:

> If Executive's employment with Company is terminated by Employee by reason of her Disability, Employee except as set forth below shall have the right to receive Severance

4

Payments as described in Section 3 of the Severance Agreement as if it were a Constructive Termination. Notwithstanding the language of Sub-clause (ii) to the contrary with respect to Bonus for the fiscal year in which the Termination Date occurs same will be paid as paid in and for the year prior to Termination as additional Severance within five (5) days of Employees Termination Date. The provisions of this subparagraph (v) shall apply independent of and notwithstanding whether there is a Change in Control as defined herein or whether the Company is on Budget to pay bonus on the date of Termination for the year in which Termination occurs.

**E. Spatafora's Termination and Eligibility for Severance Payments.**

28. Spatafora's employment with Defendant was terminated by Spatafora on or about February 1, 2020, by reason of her Disability, as defined in paragraph 1(e) of the Severance Agreement ("**Termination Date**").

29. Pursuant to paragraph 2 of the Severance Agreement, as amended by Section 2 of the Second Amendment, Spatafora's termination of her employment by reason of her Disability was a Qualifying Termination that made Spatafora eligible to receive Severance Payments from Defendant.

30. Pursuant to paragraph 2 of the Severance Agreement, as amended by Section 3 of the Second Amendment, Spatafora's termination of her employment by reason of her Disability was a Qualifying Termination that made Spatafora eligible to receive Severance Payments from Defendant as if her termination were a Constructive Termination.

31. Paragraph 2(c) of the Severance Agreement states:

Separation Release Agreement. The eligibility for receipt of the Severance Payments is expressly conditioned upon the following: (i) the Executive's signing of a release in which the Executive releases and/or waives any and all claims the Executive may have against the Company within the time specified therein but in no event later than fifty (50) days of the Termination Date and (ii) the release becoming effective. The Company shall provide to Executive the release no later than three (3) days following Executive's Termination Date. If Executive does not timely execute and deliver to the Company such release, or if Executive executes such release but revokes it, no Severance Payments shall be paid.

32. Defendant failed to provide Spatafora with a release following Spatafora's Termination Date.

33. As a result of Defendant's failure to provide Spatafora with a release as required by paragraph 2(c) of the Severance Agreement, Spatafora was excused from complying with the condition precedent of signing a release waiving any and all claims Spatafora may have against the Defendant.

34. Pursuant to paragraph 3 of the Severance Agreement, Defendant is obligated to provide Spatafora with Severance Payments.

35. Pursuant to paragraph 1(g) of the Severance Agreement, "**Severance Payments**" is defined as the aggregate gross amount of severance payments determined in accordance with Sections 2 and 3 of the Severance Agreement to be paid to Spatafora.

36. Pursuant to paragraph 3(a)(i) of the Severance Agreement, Defendant is obligated to pay Spatafora her annual base salary, less all applicable withholding taxes, for a period of fourteen (14) months from Spatafora's Termination Date (as defined in the Severance Agreement).

37. Pursuant to paragraph 3(b)(i) of the Severance Agreement, Defendant is obligated to pay Spatafora her annual base salary, minus applicable deductions, on Defendant's regular payroll dates during the fourteen (14) month period following Spatafora's termination of employment.

38. Pursuant to paragraph 3(a)(iii) of the Severance Agreement, Defendant is obligated to continue Spatafora's health and dental coverage, and continue to pay that portion of the premium that it pays for active employees (grossed up to cover taxes, if applicable) at such times as Defendant makes such payments for its active employees on a monthly basis until the earlier of (i)

the second anniversary of the termination date and (ii) the date on which Spatafora becomes eligible for comparable coverage by a successor employer.

39. Spatafora has not become eligible for comparable health and dental coverage by a successor employer.

40. After Spatafora's termination from employment, Defendant:

   a. paid Spatafora her annual base salary for the period from February 17, 2020, to August 30, 2020, in the aggregate sum of $193,173.12;

   b. paid Spatafora the quarterly premiums for health insurance coverage to which she was entitled, until in or about October, 2020;

   c. continued Spatafora's dental coverage, until on or about November 30, 2020;

   d. continued Spatafora's disability coverage; and

   e. paid Spatafora the bonus to which she was entitled.

41. By its conduct, including, without limitation, its payment of Severance Payments as set forth above, Defendant waived the requirement that Spatafora sign a release waiving any and all claims Spatafora may have against the Defendant as a condition of her receiving Severance Payments.

42. Defendant is obligated to:

   a. pay Spatafora her annual base salary for the period from August 31, 2020, through the date of filing this action, in the aggregate sum of approximately $137,980.80;

   b. pay Spatafora the premiums for health insurance coverage in an amount to be determined but believed to be approximately $6,108.00; and

   c. continue Spatafora's dental coverage until on or about February 6, 2022.

43. Defendant has failed to pay Spatafora her annual base salary for the period commencing August 31, 2020, through the date of filing this action, in the aggregate sum of approximately $137,980.80.

44. Defendant has failed to pay Spatafora premiums for health coverage for the period commencing October 2020, through the date of filing this action, in the aggregate sum to be determined but believed to be approximately $6,108.00.

45. Defendant has failed to continue Spatafora's dental coverage for the period commencing October 2020, through the date of filing this action.

46. Plaintiff has demanded payment of the outstanding Severance Payments.

47. Despite Plaintiff's demands, Defendant has failed and refused to pay the outstanding Severance Payments.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

48. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 47 above as if fully set forth herein.

49. Plaintiff has performed all of its obligations, or is excused from performing some or all of her obligations (including signing a release waiving any and all claims Spatafora may have against Defendant), under the Severance Agreement, as amended by the Second Amendment.

50. Defendant has materially breached its obligations under the Severance Agreement, as amended by the Second Amendment, by failing and refusing to pay Plaintiff the outstanding Severance Payments, in the aggregate sum of at least $144,088.80, and to continue dental coverage for Spatafora.

51. As a direct and proximate result of said breaches, Plaintiff has been damaged in an amount totaling at least $144,088.80, representing the aggregate amount of the outstanding Severance Payments, plus damages for Defendant's failure to continue dental coverage, plus prejudgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Breach of Contract – Anticipatory Breach)

52. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 51 above as if fully set forth herein.

53. Defendant is obligated to pay Spatafora her annual base salary through in or about April 2021, in the aggregate sum of approximately $86,927.90 ("**Future Salary**").

54. Defendant is obligated to pay Spatafora premiums for her health coverage and continue her dental coverage through on or about February 6, 2022, in the aggregate sum to be determined but believed to be at least approximately $9,162.00 ("**Future Premiums**").

55. By its conduct and actions, Defendant has rendered itself unable or apparently unable to perform under the Severance Agreement, as amended by the Second Amendment, without committing a breach that would of itself give Plaintiff a claim for damages for total breach.

56. By its conduct and actions, Defendant has expressed its positive and unequivocal intent not to perform under the Severance Agreement, as amended by the Second Amendment.

57. Plaintiff has demanded payment of the Future Payments and Future Premiums.

58. Despite Plaintiff's demands, Defendant has failed and refused to pay the Future Payments and Future Premiums.

59. As a direct and proximate result of the foregoing, Plaintiff has been damaged in the sum of at least $96,089.90, representing the aggregate amount of the Future Payments and Future Premiums, plus prejudgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Declaratory Judgment Pursuant to 28 U.S.C. §2201)**

60. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 59 above as if fully set forth herein.

61. By reason of the foregoing, an actual and justiciable controversy exists between Spatafora and Defendant as to Defendant's obligation to pay the Future Payments and Future Premiums.

62. Plaintiff has no adequate remedy at law with respect to the Future Payments and Future Premiums.

63. By reason of the foregoing, and pursuant to 28 U.S.C. §2201, Spatafora requests (a) a declaratory judgment as to the rights and legal relations of the Parties, that Defendant is obligated pursuant to the Severance Agreement, as amended by the Second Amendment, to pay the Future Payments and Future Premiums on the dates, and in the amounts and manner set forth in the Parties' agreement, and (b) an order of specific performance compelling Defendant to pay the Future Payments and Future Premiums on the dates, and in the amounts and manner set forth in the Parties' agreement.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**

64. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 63 above as if fully set forth herein.

65. After entering into the Severance Agreement and Second Amendment, Defendant was enriched by receiving the benefit of Spatafora remaining in its employ.

66. Defendant was enriched at Spatafora's expense.

67. Defendant has been unjustly enriched by Spatafora having remained in its employ after the Parties entered into the Severance Agreement and Second Amendment.

68. It is against equity and good conscience to permit Defendant to retain the benefit it received from Plaintiff.

69. By reason of the foregoing, Defendant is required to pay Spatafora the full amount of the unpaid Severance Payments, plus prejudgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Quantum Meruit*)

70. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 69 above as if fully set forth herein.

71. After entering into the Severance Agreement and Second Amendment, Spatafora performed services for Defendant in good faith.

72. Defendant accepted the services performed by Spatafora by continuing to employ her as its Chief Financial Officer up to her termination date.

73. Spatafora expected to be compensated for the services she provided to Defendant after the Parties entered into the Severance Agreement and Second Amendment by, among other things, receiving payment of the full amount of the Severance Payments.

74. By reason of the foregoing, Defendant is required to pay Spatafora the reasonable value of her services which includes the full amount of the unpaid Severance Payments.

WHEREFORE, Plaintiff, Carolyn Spatafora, respectfully requests entry of a judgment against Defendant, Town Sports International Holdings, Inc., as follows:

(a) On the First Cause of Action, damages in an amount to be determined at trial but believed to be at least $144,088.80, plus prejudgment interest;

(b) On the Second Cause of Action, damages in an amount to be determined at trial but believed to be at least $96,089.90, plus prejudgment interest;

(c) On the Third Cause of Action, (i) a declaratory judgment as to the rights and legal relations of the Parties, that Defendant is obligated pursuant to the Severance Agreement, as amended by the Second Amendment, to pay the Future Payments and Future Premiums on the dates, and in the amounts and manner set forth in the Parties' agreement, and (ii) an order of specific performance compelling Defendant to pay the Future Payments and Future Premiums on the dates, and in the amounts and manner set forth in the Parties' agreement;

(d) On the Fourth Cause of Action, damages in an amount to be determined at trial but believed to be at least $240,178.70, plus prejudgment interest;

(e) On the Fifth Cause of Action, damages in an amount to be determined at trial but believed to be at least $240,178.70, plus prejudgment interest;

(f) Costs and disbursements incurred in this action; and

(g) Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff herein demands a trial by jury as to all issues.

Dated: New York, New York
January 19, 2021

                                      LAW OFFICE OF PETER G. GOODMAN, PLLC

                                      By:   s/ *Peter G. Goodman*
                                              Peter G. Goodman
                                      30 Broad Street, 37th Floor
                                      New York, New York 10004
                                      Tel: (212) 386-7619
                                      peter@goodmanpllc.com

                                      *Attorneys for Plaintiff*
                                      *Carolyn Spatafora*