**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CAROLYN SPATAFORA,

                 Plaintiff,

       v.

TOWN SPORTS INTERNATIONAL
HOLDINGS, INC.,

                Defendant.

---

**Case No. 1:21-cv-477-AKH-OTW**

**MEMORANDUM OF LAW IN SUPPORT OF TOWN SPORTS INTERNATIONAL
HOLDINGS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY AND BACKGROUND.............................................................. 1

    I.    The Complaint ............................................................................................................. 1

        A.    The 2015 Amendment ......................................................................................... 2

        B.    The 2016 Amendment ......................................................................................... 4

        C.    The 2019 Amendment ......................................................................................... 4

        D.    Plaintiff's Claimed Eligibility for Severance ................................................... 5

        E.    TSI LLC Files For Bankruptcy and the Bankruptcy Court Fully Discharged  Plaintiff's Claims ............................................................................................................ 6

    II.    The Motion to Compel Arbitration .................................................................. 11

LEGAL STANDARD........................................................................................................... 11

ARGUMENT ......................................................................................................................... 13

    I.    Plaintiff's Claims Predated the Plan, Were Discharged and Released in Bankruptcy, and Therefore Plaintiff Fails to State any Viable Claim.................................................. 13

    II.    Plaintiff Does Not Properly Allege that She is Eligible For Severance Payments ........ 14

    III.    Plaintiff Cannot Bring Quasi-Contractual Claims ......................................... 15

    IV.    Plaintiff Cannot Bring a Claim for Declaratory Relief ................................. 16

CONCLUSION...................................................................................................................... 17

## Table of Authorities

**Cases**

*ALJ Capital I, L.P. v. David J. Joseph Co.*, 48 A.D.3d 208, 851 N.Y.S.2d 154, 155 (2008)....... 15

*Aniero Concrete Co. v. New York City Const. Auth.*, 308 F. Supp. 2d 164, 179 (S.D.N.Y. 2003) ........................................................................................................................................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ....................................................................... 11, 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................. 12

*Boss v. Am. Exp. Fin. Advisors, Inc.*, 15 A.D.3d 306, 307, 791 N.Y.S.2d 12, 14 (2005)............ 15

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ............................................ 12

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193 (1987) ..................................................................................................................................... 15, 16

*Cost v. Super Media,* 482 B.R. 857, 861 (S.D.N.Y. 2012) .......................................................... 13

*Fantigrossi v. Am. Eagle Airlines, Inc.*, No. 13-CV-6220-FPG, 2017 WL 766357, at *2-5 (W.D.N.Y. Feb. 28, 2017) ...................................................................................................... 14

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 584 (S.D.N.Y.2002)12

*Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 303 (S.D.N.Y. 2012)............................ 16

*Gilbert v. N. Am. Airlines,* No. 12 cv 523(KAM), 2014 WL 1271057, at *6 (E.D.N.Y. Mar. 26, 2014) ....................................................................................................................................... 14

*In re Caldor, Inc.-NY*, 240 B.R. 180, 192 (Bankr. S.D.N.Y. 1999)............................................. 13

*Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ................................................. 12

*Ogle v. Fid. & Deposit Co. of Maryland*, 586 F.3d 143, 146 (2d Cir. 2009) ............................... 13

*OneBeacon Ins. Co. v. Empress Ambulance Serv., Inc.*, No. 02 CIV. 2595 (WHP), 2003 WL 1857622, at *2 (S.D.N.Y. Mar. 28, 2003) ............................................................................. 12

*Payday Advance Plus, Inc. v. Findwhat.com, Inc.*, 478 F.Supp.2d 496, 504-05 (S.D.N.Y.2007) ..................................................................................................................................... 15, 16

*Rambert v. Reverse Mortg. Sols., Inc.*, No. 18CV3541PKCLB, 2020 WL 2769133, at *2 (E.D.N.Y. May 27, 2020) ........................................................................................................................ 12

*Redwing Constr. Co. v. Sexton*, 181 A.D.3d 1027, 1029, 120 N.Y.S.3d 215, 218 (2020) ........... 15

*Xcellence, Inc. v. Arkin Kaplan Rice LLP*, No. 10 CIV. 3304 (HB), 2011 WL 1002419, at *7 (S.D.N.Y. Mar. 15, 2011) ...................................................................................................... 17

**Statutes**

11 U.S.C. § 1141(d)(1)(A) ............................................................................................................. 13

11 U.S.C. §§ 1010(5)A,(12) ......................................................................................................... 13

**Other Authorities**

declaration.............................................................................................................................. passim

Ex. A ...................................................................................................................................... passim

Ex. B ................................................................................................................................................ 4

Ex. C ..................................................................................................................................... 4, 5, 14

Ex. E ..................................................................................................................................... 6, 7, 14

Ex. F ..................................................................................................................................... 8, 9, 14

**Exhibit D** ....................................................................................................................................... 6

**Exhibit G** ....................................................................................................................................... 8

Exhibit I ................................................................................................................................... 10, 11

H-1 .......................................................................................................................................... 10, 14

H-2 .......................................................................................................................................... 10, 14

Rules

Fed. R. Civ. P. 12................................................................................................... 11
Fed. R. Civ. P. 8..................................................................................................... 11

## PRELIMINARY STATEMENT

The Plaintiff, Carolyn Spatafora ("Plaintiff"), brings claims against Town Sports International Holdings, Inc. ("TSI"), based on a 2014 severance agreement, but all claims related to that agreement were discharged by way of a Chapter 11 bankruptcy. The severance agreement at issue was between Plaintiff and Town Sports International, LLC, another entity not named in this lawsuit, and was specifically listed as an executory contract in bankruptcy schedules in proceedings that were ultimately released and discharged in bankruptcy. In light of the prevailing case law and the allegations in this case, it is clear that Plaintiff's claims, which were discharged in bankruptcy, fail at the pleading stage.

Additionally, Plaintiff's breach of contract claims should be dismissed because Plaintiff fails to allege that she provided advance notice as is explicitly required under the agreement of her alleged disability, a mandatory condition precedent to Plaintiff's eligibility for severance payments under the severance agreement. Plaintiff's quasi-contractual claims—restitution and *quantum meruit*—cannot survive a motion to dismiss because there is an express contract governing the same subject matter as those quasi-contractual claims. The claim for declaratory relief likewise fails because adjudication of the breach of contract claims can provide full and more adequate relief, and adjudication on the breach of contract claim moots Plaintiff's claim for declaratory relief. Accordingly, the Court should dismiss all claims in this matter with prejudice.

## PROCEDURAL HISTORY AND BACKGROUND

### I.    The Complaint

On or about January 19, 2021, Plaintiff filed her complaint against TSI. (Dkt. 1, Compl.). Plaintiff asserts five claims against TSI related to an alleged employment severance agreement (the "Severance Agreement") between Plaintiff and TSI: (1) breach of the Severance Agreement;

(2) anticipatory breach of the Severance Agreement; (3) a request for declaratory judgment; (4) unjust enrichment; and (5) *quantum meruit*. (*Id.* ¶¶ 48-74). All of these claims arise out of the Severance Agreement[1] that was entered into between Plaintiff and another entity that is not a party to this lawsuit, Town Sports International, LLC ("TSI LLC"). (*Id.* ¶¶ 9-11).

### A.    The 2015 Amendment

On or about February 25, 2015, Plaintiff, TSI, and TSI, LLC, executed an amendment to the Severance Agreement (the "2015 Amendment"). (*Id.* ¶¶ 12-17; Ex. A). The 2015 Amendment was executed and signed by TSI LLC, TSI, and Plaintiff. (Ex. A at 11). The 2015 amendment provides that "the [Plaintiff] and [TSI LLC], a subsidiary of [TSI], have previously entered into the Executive Severance Agreement dated May 12, 2014," and "[TSI] and [TSI LLC] desire to amend and restate the Prior Agreement[.]" (Ex. A at 1). The 2015 Amendment sets forth several conditions precedent that must be satisfied for Plaintiff to be eligible for any payments under the 2014 Severance Agreement.

### 1.    "Qualifying Termination"

First, the 2015 Amendment provides that Plaintiff is only eligible for severance payments following a "Qualifying Termination." (*Id.* at 3, § 2 & 2(a)). Specifically, the 2015 Amendment provides that severance payments will only be paid "on account of the events specified below in this Section 2(a) occurring within a period of twelve (12) months following the date of a Change in Control." (*Id.* at 3, § 2(a)). A "Change in Control" is generally defined in the agreement as a

---

[1] Notably, the 2014 Severance Agreement is not attached to the Complaint. The 2014 Severance Agreement, however, is referenced in the 2015 amendment to the Severance Agreement, a true and correct copy of which is annexed to the declaration of the undersigned (the "Declaration") as **Exhibit A**, of even date herewith. It is well-settled that this Court is permitted to consider this agreement and the other agreements referenced in the Complaint with the motion to dismiss although these agreements were not attached to the Complaint.

corporate reorganization, sale, acquisition, dissolution, or change in the majority of the Board. (*Id.* at 2 (emphasis added)). There is no "Change in Control" alleged in the Complaint.

Next, there also must be an "event specified . . . in . . . Section 2(a)" that occurs within a period of 12 months after a change in control. These events are limited to the following: "(i) involuntary termination of the [Plaintiff's] employment by the Company[2] that is not for Cause; (ii) voluntary separation of the [Plaintiff] as a result of Constructive Termination; (iii) death; or (iv) termination as a result of Disability." (*Id.* at 3, § 2(a).) There is no language providing that a "Qualifying Termination" can result where Plaintiff herself terminates her employment.

### 2.   "Non-Qualifying Termination"

The 2015 Amendment further delineates a number of "non-qualifying terminations" that disqualify Plaintiff from receiving severance payments: (i) "voluntary separation (a separation, including retirement, initiated by the Executive), other than a voluntary separation;" (ii) retirement, "whether early retirement, retirement at a normal age, or retirement following normal retirement age;" (iii) "the Company having terminated [Plaintiff's] employment for Cause;" or (iv) "a separation or termination for any reason more than twelve months . . . following the date of a Change in Control." (*Id.* at 3, § 2(b) (emphasis added)). Plaintiff alleges that she is eligible for severance payments because she voluntarily ended her employment due to her "disability"[3] on February 1, 2020. (Dkt. 1, Compl. ¶¶ 28-34).

---

[2] The 2015 Amendment defines the "Company" as TSI and "collectively with its subsidiaries and affiliates." (Ex. A at 1).

[3] A "disability" is defined in the 2015 Amendment as "any medically determinable physical or mental impairment resulting in the [Plaintiff's] inability to perform the duties of her position or any substantially similar position, where such impairment is expected to result in death or is expected to last for a continuous period of not less than six (6) months." (*Id.* at 3).

**B.     The 2016 Amendment**

Plaintiff alleges that the Severance Agreement was again amended in March 2016 (the "2016 Amendment").[4] (Dkt. 1, Compl. ¶¶ 18-19). The 2016 Amendment was executed and signed by Plaintiff, TSI, and TSI LLC. (Ex. B at 2). The 2016 Amendment noted that it was "to further amend the Severance Agreement," which is described as "a prior Executive Severance Agreement between [Plaintiff] and [TSI LLC], a subsidiary of TSI dated May 12, 2014[.]" (*Id.* at 1).

**C.     The 2019 Amendment**

Plaintiff avers that the Severance Agreement was amended yet again in March 2019 (the "2019 Amendment").[5] Like the other amendments, this amendment was signed and executed by Plaintiff, TSI, and TSI LLC. (Ex. C at 2). The 2019 amendment provides that it is to "further amend the [2014] Severance Agreement in order to induce the [Plaintiff] to remain in the employ of the Company[.]" (*Id.* at 1).

The 2019 Amendment allegedly amended the Severance Agreement to provide that "*Executive* shall be entitled to Severance stated herein if she becomes Disabled whether such termination by *Employee* is prior to or subsequent to a Change in Control. Such Disability being a Qualifying Termination by Employee." (*Id.* at 1 (emphasis added)). Plaintiff, however, is defined as the "Executive" in the 2019 amendment, and there is no definition for the term "Employee" in the 2019 Amendment. (*Id.*). Based on the difference between "Executive" and "Employee" in the 2019 Amendment, there is simply no plausible reading of the 2019 Amendment that would allow for the conclusion that Plaintiff can self-terminate her employment and still be eligible for severance payments.

---

[4] A true and correct copy of this document is attached to the Declaration as **Exhibit B.**

[5] A true and correct copy of this document is attached to the Declaration as **Exhibit C**.

The 2019 Amendment further provides: "If *Executive's* employment with Company is terminated by *Employee* by reason of her Disability, Executive except as set forth below shall have the right to receive Severance Payments as described in Section 3 of the Severance Agreement *as if it were a Constructive Termination*. . . . The provisions of this subparagraph (v) shall apply independent of and notwithstanding whether there is a Change in Control as defined herein or whether the Company is on Budget to pay bonus on the date of Termination for the year in which Termination occurs." (*Id.* at 1-2 (emphasis added)). The 2019 Amendment clarifies, however, that "[e]xcept as amended, the balance of the terms of the Severance Agreement remain in full force and effect which the parties hereto ratify as of the date hereof." (*Id.* at 2).

### D.     Plaintiff's Claimed Eligibility for Severance

Plaintiff alleges that she terminated her own employment with TSI, specifically that her employment "was terminated by [Plaintiff] on or about February 1, 2020, by reason of her

Disability[.]" (Compl. ¶ 28). Plaintiff claims that the 2019 Amendment makes her eligible for severance payments, even though she terminated her own employment. (*Id.* ¶¶ 28, 30-34).

### E.   TSI LLC Files For Bankruptcy and the Bankruptcy Court Fully Discharged Plaintiff's Claims

On September 14, 2020, TSI LLC—the only party to the 2014 Severance Agreement other than Plaintiff—filed a voluntary Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Delaware, Case Number 20-12168-CSS.[6]

On December 18, 2020, the Bankruptcy Court entered its final order confirming a liquidating plan (the "Plan") for TSI LLC.[7] Before entering the final order, the Bankruptcy Court gave notice of deadlines to provide objections to the Plan, and it held a confirmation hearing in which parties were allowed to object to or raise any claims or rights affected by the Plan. (Ex. E at 3-4).

The Bankruptcy Court found that it had jurisdiction, and that TSI LLC was eligible for relief under the Bankruptcy Code. (*Id.* at 5-6). With respect to objections to the Plan that were confirmed, the Bankruptcy Court ruled that "[a]ny resolution of objections to Confirmation explained on the record at the Confirmation Hearing is hereby incorporated by reference," and that "[a]ll unresolved objections, statements, informal objections, and reservations of rights (except with respect to unresolved cure amounts), if any, related to the Disclosure Statement or Confirmation of the Plan are overruled on the merits." (*Id.* at 6). The Bankruptcy Court further

---

[6] A true and correct copy of this document is attached to the Declaration as **Exhibit D.** Because this is a filing in federal court (as are the other documents from the bankruptcy proceedings), the Court may take judicial notice of this document and consider it in ruling on the present motion to dismiss. The case law supporting these principles are set forth in further detail below.

[7] A true and correct copy of this document is attached to the Declaration as **Exhibit E** (Dkt. 828 in the bankruptcy case).

observed that on November 3, 2020, it entered a Disclosure Statement Order giving notice to parties potentially holding claims against TSI LLC to object to the Plan, and that the "period during which the Debtors solicited acceptances to the Plan is a reasonable and adequate period of time for Holders of Claims or Interests in the Voting Classes to have made an informed decision to accept or reject the Plan." (*Id.* at 8).

The Bankruptcy Court ruled that the Plan complied with all applicable provisions of the Bankruptcy Code. (*Id.* at 10-26). The court's order states that the "Plan shall be, and hereby is, confirmed under the . . . Bankruptcy Code." (*Id.* at 27). The court's order incorporated by reference the following "releases, exculpations, injunctions, and related provisions set forth in Article IX of the Plan," which were "approved in their entirety, are so ordered, and shall be immediately effective and binding upon the Effective Date without further action or notice by this Bankruptcy Court, any of the Parties subject to such provisions, or any other party: (a) Release of Liens (Article IX.B), (b) Releases by the Debtors (Article IX.C), (c) Releases by Holders of Claims and Interests (Article IX.D), (d) Exculpation (Article IX.E), (e) Injunction (Article IX.F)." (*Id* at 28).

Article IX of the Plan[8] provides that: "[p]ursuant to Bankruptcy Rule 9019 (as provided for in Article IV.A) and in consideration for the distributions and other benefits provided pursuant to the Plan, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distribution, rights, and treatment that are provided in the Plan shall be in complete settlement, compromise, and release, effective as of the Effective Date, of . . . to the extent such Claims or Interests related to service performed

---

[8] A true and correct copy of the Plan is attached to the Declaration as **Exhibit F**.

by employees of the Debtors before the Effective Date and that arise from a termination of employment[.]" (Ex. F at 39).

The Plan broadly releases all claims against "Released Parties," which include any party not "identified by name as a non-Released Party in the Confirmation Order." (*Id.* at 10). Plaintiff is not identified as a non-Released party or in the Plan's opt out list.[9] Specifically, the Plan's release provides as follows:

> As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, ***to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Post-Effective Date Debtor***, and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtor, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Restructuring Transactions, the Sale Transaction, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, Filing, or consummation of the Disclosure Statement, the DIP Facility, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, or the Plan, the Filing of the Chapter 11 Cases, the pursuit of Confirmation, the

---

[9] A true and correct copy of this document to the Declaration as **Exhibit G**.

pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, ***or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date***; provided that any right to enforce the Plan and Confirmation Order is not so released.

(Ex. F at 41 (emphasis added).)

TSI LLC is defined as an "Exculpated Part[y]," (*id.* at 5), and the Plan provides that "all Entities who have held, hold, or may hold Claims or Interests that have been released, settled, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtor, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests. . . and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. [.]" (*Id.* at 42).

The Severance Agreement and all amendments thereto are clearly subject to the bankruptcy release as the Severance Agreement and its amendments were listed on schedules and disclosures filed in the bankruptcy proceedings. For example, in bankruptcy disclosures listing executory contracts subject to the Plan such as the Severance Agreement and all of the amendments, are explicitly listed and disclosed as follows:

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- | --- |
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | AMENDED AND RESTATED EXECUTIVE SEVERANCE AGREEMENT DATED 2/25/2015 | CAROLYN SPATAFORA<br>ADDRESS AVAILABLE UPON REQUEST |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | AMENDMENT TO AMENDED AND RESTATED EXECUTIVE SEVERANCE AGREEMENT DATED 3/31/2016 | CAROLYN SPATAFORA<br>ADDRESS AVAILABLE UPON REQUEST |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | EXECUTIVE SEVERANCE AGREEMENT DATED 5/12/2014 | CAROLYN SPATAFORA<br>ADDRESS AVAILABLE UPON REQUEST |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | SECOND AMENDMENT TO AMENDED AND RESTATED EXECUTIVE SEVERANCE AGREEMENT DATED 3/20/2019 | CAROLYN SPATAFORA<br>ADDRESS AVAILABLE UPON REQUEST |

(Ex. H-1 and H-2[10]).

Additionally, on October 29, 2020, the Bankruptcy Court entered a deadline for any party to file a proof of claim against TSI LLC with the Bankruptcy Court. (Exhibit I[11] at 3.) The Deadline set by the Court was December 1, 2020. (*Id*). That deadline elapsed without Plaintiff filing any proof of claim in the Bankruptcy Court. The Bankruptcy Court ruled that "[i]f proofs of claim are not received . . . before the Bar Date, as applicable,

---

[10] Attached to the Declaration as **Exhibit H-1 and H-2** (*e.g.*, Bankruptcy Court Dkt. 373 at 49, which is Ex. H-1, and Dkt. 602 at 52, which is Ex. H-2) are true and correct copies of excerpts of schedules filed in the bankruptcy proceedings that list the Severance Agreement and amendments.

[11] Attached to the Declaration as **Exhibit I** (Dkt. 367 in the Bankruptcy Court), is a true and correct copy of the order setting a deadline for a proof of claim.

except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors." (*Id.* at 4).

## II.     The Motion to Compel Arbitration

After the filing of this motion, TSI promptly will be filing a motion to compel arbitration based on a mandatory arbitration provision in the 2015 Amendment. Specifically, the 2015 Amendment provides that "[i]n the event of any dispute, controversy or claim between the Company and Executive in any way concerning, arising out of or relating to this Agreement . . . , including without limitation any Dispute concerning, arising out of or relating to the interpretation, application or enforcement of this Agreement, the parties hereby agree and consent to the Arbitration Policy of the Company to the extent it applies to the Dispute." (Ex. A at 9, § 10). As discussed further in the motion to compel arbitration, the Arbitration Policy plainly requires any dispute related to the Severance Agreement to be resolved in arbitration, not federal court.

TSI's motion to compel arbitration establishes that this case must be resolved by way of arbitration. Alternatively, if arbitration is not compelled, the Court should promptly enter a briefing schedule for the present motion to dismiss.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court must dismiss a complaint or claims in the complaint if they fail to state a viable cause of action. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). A claim is plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citation omitted). As such, [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although, on a motion to dismiss, a court normally considers allegations within the four corners of the complaint, the Court may consider the Plan on a motion to dismiss under Rule 12(b)(6). *Rambert v. Reverse Mortg. Sols., Inc.*, No. 18CV3541PKCLB, 2020 WL 2769133, at *2 (E.D.N.Y. May 27, 2020) (collecting cases within this Circuit). Additionally, under Rule 201 of the Federal Rules of Evidence, a district court may, on a motion to dismiss, take judicial notice of documents filed in other courts, including the Bankruptcy Court. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *OneBeacon Ins. Co. v. Empress Ambulance Serv., Inc.*, No. 02 CIV. 2595 (WHP), 2003 WL 1857622, at *2 (S.D.N.Y. Mar. 28, 2003); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,* 219 F. Supp. 2d 576, 584 (S.D.N.Y.2002) (taking judicial notice of bankruptcy court filings on motion to dismiss). Also proper for the Court's consideration on a motion to dismiss are the agreements referenced in the Plaintiff's complaint, as Plaintiff heavily relies on these documents and they are integral to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotations omitted)).

**ARGUMENT**

**I.    Plaintiff's Claims Predated the Plan, Were Discharged and Released in Bankruptcy, and Therefore Plaintiff Fails to State any Viable Claim**

Plaintiff's claims were discharged and released in bankruptcy, and therefore this suit must be dismissed in its entirety. Under Section 1141 of the Bankruptcy Code, a bankruptcy court's confirmation of a reorganization plan discharges the debtor from any debt that arose before the date of the confirmation, regardless of whether proof of the debt is filed, the claim is disallowed, or the plan is accepted by the holder of the claim. 11 U.S.C. § 1141(d)(1)(A); *Cost v. Super Media,* 482 B.R. 857, 861 (S.D.N.Y. 2012). A "debt" is "liability on a claim," and a "claim" is defined to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured." 11 U.S.C. §§ 1010(5)A,(12). Plaintiff's causes of action are clearly subsumed within these definitions.

Plaintiff's claims arose well before the Plan was confirmed on December 18, 2020 (Ex. E), namely, in 2014 when she entered into the Severance Agreement with TSI LLC. (Dkt. 1, Compl. ¶¶ 9-11). For purposes of claims being discharged in bankruptcy, "contract-based claims arise at the time the contract is entered into, rather than upon the occurrence of subsequent events such as termination." *In re Caldor, Inc.-NY*, 240 B.R. 180, 192 (Bankr. S.D.N.Y. 1999), *aff'd sub nom. Pearl-Phil GMT (Far E.) Ltd. v. Caldor Corp.*, 266 B.R. 575 (S.D.N.Y. 2001); *see also Ogle v. Fid. & Deposit Co. of Maryland*, 586 F.3d 143, 146 (2d Cir. 2009) ("Under contract law, a right to payment based on a written indemnification contract arises at the time the indemnification agreement is executed." (internal quotation omitted)). Plaintiff's claims arose well before the Chapter 11 petition was filed, and the Court confirmed the Plan, which discharges and releases Plaintiff's claims related to the Severance Agreement as set forth in Article IX and elsewhere in

13

the Plan and the Court's order confirming the Plan. (Ex. E and Ex. F). The Severance Agreement and its amendments are clearly covered and discharged by the Plan, as they were disclosed in bankruptcy schedules as executory contracts that would be affected by the Plan in this case. (Ex. H-1 and Ex. H-2). Accordingly, the Court must dismiss this case with prejudice. *See Gilbert v. N. Am. Airlines,* No. 12 cv 523(KAM), 2014 WL 1271057, at *6 (E.D.N.Y. Mar. 26, 2014) (granting 12(b)(6) motion to dismiss where employment discrimination claim arose before the confirmation of the defendant's Chapter 11 plan); *see also Fantigrossi v. Am. Eagle Airlines, Inc.*, No. 13-CV-6220-FPG, 2017 WL 766357, at *2-5 (W.D.N.Y. Feb. 28, 2017) (dismissing claims with prejudice that were discharged in bankruptcy).

## II.     Plaintiff Does Not Properly Allege that She is Eligible For Severance Payments

Additionally, Plaintiff alleges that she experienced a "Constructive Termination" because of her disability, however, any Constructive Termination under the Severance Agreement requires notice to TSI and TSI LLC as a condition precedent to any triggering of severance payments. The 2019 Amendment is clear that any termination because of "Disability" will give rise to "the right to receive Severance Payments as if it were a Constructive Termination." (Ex. C at 1; *see also* Dkt. 1, Compl. ¶ 27). For Plaintiff, however, to qualify for any severance as a result of a Constructive Termination, she must have provided advance notice of her Disability to TSI. (Ex. A at 3, § 1(d)).

Specifically, the 2015 Amendment's definition of "Constructive Termination," which was never subsequently altered, provides that there is no "Constructive Termination *unless (A) the Executive shall have provided written notice to Holdings within (90) days after the occurrence of such condition or event* describing the condition or event claimed to constitute Constructive Termination and (B) the Company shall have failed to remedy the condition or event within thirty (30) days of its receipt of such written notice." (*Id.* (emphasis added)). There is no allegation here

that Plaintiff provided such notice, or that TSI and TSI LLC failed to remedy any such alleged Constructive Termination within 30 days. Accordingly, the Court must dismiss all breach of contract claims (Counts 1 through 3) as it is simply not plausible that Plaintiff satisfied mandatory conditions precedent that would have made her eligible for any payments or benefits under the Severance Agreement, as amended. *Redwing Constr. Co. v. Sexton*, 181 A.D.3d 1027, 1029, 120 N.Y.S.3d 215, 218 (2020) ("Plaintiff does not allege that, at any point prior to filing suit, it served a written notice of claim upon defendants as provided for in article 22 of the parties' contract");[12] *ALJ Capital I, L.P. v. David J. Joseph Co.*, 48 A.D.3d 208, 851 N.Y.S.2d 154, 155 (2008) ("The complaint was properly dismissed on the ground that plaintiffs failed to provide prompt written notice of a 'Disallowance,' a condition precedent to their right to demand repayment from defendant under the subject agreement").

## III.    Plaintiff Cannot Bring Quasi-Contractual Claims

Plaintiff's restitution and *quantum meruit* claims are quasi-contractual claims seeking severance payments and benefits, and they must be dismissed because there is a contract—the Severance Agreement—governing the same subject matter. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193 (1987); *Payday Advance Plus, Inc. v. Findwhat.com, Inc.,* 478 F. Supp .2d 496, 504-05 (S.D.N.Y. 2007) (applying same rule and

---

[12] New York law governs the interpretation of the Severance Agreement given the choice of law provision in the 2015 Amendment. (Ex. A at 9, § 9.) *Boss v. Am. Exp. Fin. Advisors, Inc.*, 15 A.D.3d 306, 307, 791 N.Y.S.2d 12, 14 (2005) ("It is the well-settled policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation" (internal quotation omitted)), *aff'd sub nom. Boss v. Am. Express Fin. Advisors, Inc.*, 6 N.Y.3d 242, 844 N.E.2d 1142 (2006).

dismissing unjust enrichment claim). This principle applies equally to Plaintiff's restitution and quantum meruit claim. *Aniero Concrete Co. v. New York City Const. Auth.*, 308 F. Supp. 2d 164, 179 (S.D.N.Y. 2003) ("Claims for unjust enrichment or *quantum meruit* are non-contractual, equitable remedies that are inapplicable if there is an enforceable contract governing the subject matter." (internal quotation omitted)).

For its restitution claim, Plaintiff alleges that Defendant "is required to pay [Plaintiff] the full amount of the unpaid Severance Payments, plus prejudgment interest." (Dkt. 1, Compl. ¶ 69). Plaintiff repeats the same allegation for its *quantum meruit* claim: "Defendant is required to pay Spatafora the reasonable value of her services which includes the full amount of the unpaid Severance Payments." (*Id.* ¶ 74). Payment of unpaid severance payments is governed by the Severance Agreement, and therefore Plaintiff cannot bring claims for unjust enrichment and *quantum meruit* to recover unpaid severance payments. *Clark-Fitzpatrick, Inc*, 516 N.E.2d at 193; *Payday Advance Plus, Inc.,* 478 F. Supp. 2d at 504-05. Accordingly, the Court must dismiss the restitution and *quantum meruit* claims with prejudice.

## IV.    Plaintiff Cannot Bring a Claim for Declaratory Relief

Plaintiff brings a claim for Declaratory Relief asking the Court to find that TSI is obligated to pay severance pursuant to the Severance Agreement. (Dkt. 1, Compl. ¶ 63). The Court's resolution of the breach of contract claim, however, would also resolve the claim for declaratory relief as it requires the Court to decide whether Plaintiff is entitled to any payment or performance under the Severance Agreement. In such circumstances, courts must dismiss the claim for declaratory relief. *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 303 (S.D.N.Y. 2012) ("Although Plaintiffs' declaratory judgment claim does not engender worries about 'procedural fencing' or 'friction between sovereign legal systems,' there exists nonetheless 'a better or more

effective remedy;' resolution of the basic breach of contract claim. As discussed above, such resolution will answer the questions Plaintiffs raise in this claim, rendering Count Four subject to dismissal."); *Xcellence, Inc. v. Arkin Kaplan Rice LLP*, No. 10 CIV. 3304 (HB), 2011 WL 1002419, at *7 (S.D.N.Y. Mar. 15, 2011) ("Furthermore, the issues that Arkin seeks to resolve via a declaratory judgment are the same contract issues that Xact has plead in its complaint and which are presently before this Court. Put another way, declaratory relief is not the appropriate remedy, and this claim will be dismissed"). Thus, TSI respectfully requests that the Court dismiss the declaratory judgment claim with prejudice.

## CONCLUSION

For the reasons stated herein, TSI respectfully requests that if the Court does not compel arbitration, that the Court dismiss all claims against TSI, with prejudice, and any further relief that is just and proper.

Dated: New York, New York
     March 3, 2021

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Massimo F. D'Angelo*
   Massimo F. D'Angelo
   Massimo.dangelo@akerman.com
   520 Madison Avenue, 20th Floor
   New York, New York 10022
   Tel: (212) 880-3800

   *Attorneys for Defendant Town Sports*
   *Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document by using the Court's Electronic Filing (CM/ECF) system on March 3, 2021, and service to all counsel of record was accomplished by that system.

Dated: New York, NY
      March 3, 2021

                              */s/ Massimo F. D'Angelo*
                              Massimo F. D'Angelo