UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN SPATAFORA,<br><br>Plaintiff,<br><br>v.<br><br>TOWN SPORTS INTERNATIONAL HOLDINGS, INC.,<br><br>Defendant. | Case No. 1:21-cv-477-AKH-OTW<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION |

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

    I.   These Claims Were Resolved in the Bankruptcy Court, Which Retained Jurisdiction to Deal with All Claims Implicated by Town Sports International, LLC's Bankruptcy .......................... 2

    II.  Plaintiff Agreed to Arbitrate All Claims Related to the Severance Agreement ................. 3

    III.  Plaintiff Brings Claims Based Entirely on Her Employment and the Severance Agreement ................................................................................................................................... 5

LEGAL STANDARD .................................................................................................................. 5

ARGUMENT ................................................................................................................................ 6

    I.   There is a Valid and Enforceable Agreement to Arbitrate ................................................. 7

    II.  The Claims in this Case Fall within the Scope of the Arbitration Agreement ................... 7

    III.  If There Are Any Claims, the Court Should Stay the Case Pending Arbitration ............. 9

CONCLUSION ........................................................................................................................... 10

**Table of Authorities****Cases**

*Aceros Prefabricados, S.A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir. 2002) .......................... 8
*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotations and alteration omitted) ................................................................................................................................... 5
*Brownlee v. Town Sports Int'l Holdings, Inc.*, No. A-0816-17T4, 2019 WL 149645, at *2-3 (N.J. Super. Ct. App. Div. Jan. 8, 2019) ........................................................................................ 9
*Etransmedia Tech., Inc. v. Nephrology Assocs.*, P.C., No. 1:11-CV-1042, 2012 WL 3544805, at *3 (N.D.N.Y. Aug. 16, 2012) ..................................................................................................... 6
*In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) .................................. 9
*Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) ............................................................... 9
*LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004) ......................................... 6
*Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020) .......................................................... 6
*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ...................... 6
*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ................................................... 6
*Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015), *aff'd*, 659 F. App'x 40 (2d Cir. 2016), *as corrected* (Sept. 7, 2016), *as corrected* (Sept. 14, 2016) ..................... 5, 7
*Ronan Assocs., Inc. v. Local 94-94A-94B, Int'l Union of Operating Engineers, AFL-CIO*, 24 F.3d 447, 449 (2d Cir. 1994) ........................................................................................................... 8
*see also Pool Deals, LLC v. United Parcel Serv., Inc.*, 454 F. Supp. 3d 208, 215 (W.D.N.Y. 2020) ................................................................................................................................................. 8
*Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) ......................... 5, 7, 8, 9
*Solieri v. Ferrovie Dello Stato Spa*, No. 97 CIV. 8844 (RPP), 1998 WL 419013, at *5 (S.D.N.Y. July 23, 1998) ........................................................................................................................... 6

**Statutes**

9 U.S.C. § 2 ...................................................................................................................................... 5
9 U.S.C. § 4 ................................................................................................................................. 5, 7

**Other Authorities**

Arbitration Policy .......................................................................................................................... 4, 8
declaration of Patrick Walsh ............................................................................................................ 4

**PRELIMINARY STATEMENT**

This case should be dismissed or dealt with in the U.S. Bankruptcy Court for the District of Delaware, which, as discussed in detail in Town Sports International Holdings, Inc.'s ("TSI") accompanying motion to dismiss (Dkts. 10, 13), was the court of original jurisdiction that discharged and released all claims related to Plaintiff's severance agreement. There are no claims in this case unrelated to Carolyn Spatafora's ("Plaintiff") severance agreement, and therefore none of these claims should escape the Bankruptcy Court's realm of jurisdiction to deal with claims that were disclosed to and disposed of by the Bankruptcy Court.

If there is any basis to disturb the Bankruptcy Court's jurisdiction, the Court should promptly compel arbitration, as a matter of law. Plaintiff's severance agreement, as amended, requires arbitration of all claims related to the severance agreement or Plaintiff's employment. All of the claims in this case are related to the severance agreement or Plaintiff's employment and fall within the ambit of the arbitration provisions in Plaintiff's severance agreement. Therefore, if Plaintiff does have any claims (she does not), those claims cannot proceed in this forum, but rather, the Court should honor the contractual agreement of the parties, coupled with the fundamental policies favoring arbitration in connection with compelling arbitration pursuant to the plain language of Plaintiff's underlying severance agreement.

**BACKGROUND**

On January 19, 2021, Plaintiff filed her complaint against TSI. (Dkt. 1, Compl.). Plaintiff brings five claims against TSI related to an alleged employment severance agreement (the "Severance Agreement"): (1) breach of the Severance Agreement; (2) anticipatory breach of the severance agreement; (3) a request for declaratory judgment; (4) unjust enrichment; and (5) quantum meruit. (*Id.* ¶¶ 48-74). All of these claims arise out of the Severance Agreement that was

entered into between Plaintiff and another entity that is not a part to this lawsuit, Town Sports International, LLC ("TSI LLC"). (*Id.* ¶¶ 9-11).

**I.     These Claims Were Resolved in the Bankruptcy Court, Which Retained Jurisdiction to Deal with All Claims Implicated by Town Sports International, LLC's Bankruptcy**

As noted in TSI's memorandum of law in support TSI's motion to dismiss, TSI LLC was the only party to the original Severance Agreement, and all claims related to the Severance Agreement were discharged in a Chapter 11 bankruptcy case filed by TSI LLC in the U.S. Bankruptcy Court for the District of Delaware, Case Number 20-12168-CSS. TSI fully incorporates by reference herein the Declaration of Massimo F. D'Angelo and exhibits filed in support of TSI's motion to dismiss. Those exhibits show that the Severance Agreement, including all the amendments to that Severance Agreement, were listed as executory contracts to which TSI LLC was a party. (Dkt. 12-8, Ex. H-1 at 50; Dkt. 12-9, Ex. H-2 at 53.) The Court's Order and liquidating plan (the "Plan") for TSI LLC discharged all claims related to the Severance Agreement, (Dkt. 12-5, Ex. E at 28-29; Dkt. 12-6, Ex. F at 41-42). Additionally, the Bankruptcy Court retained "exclusive jurisdiction over the matters arising in, and under, and related to, these Chapter 11 Cases, as set forth in Article XII of the Plan." (Dkt. 12-5, Ex. E at 50.). The Plan further provides that the Bankruptcy Court retains broad jurisdiction: the "Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to:

> 1. allow, disallow, determine, liquidate, classify, estimate, or establish the priority, Secured or unsecured status, or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the Secured or unsecured status, priority, amount, or allowance of Claims or Interests; . . .
> 4. ensure that distributions to Holders of Allowed Claims and Interests are accomplished pursuant to the provisions of the Plan; . . .

> 5. adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving a Debtor that may be pending on the Effective Date; . . .
> 7. enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan, the Plan Supplement, or the Disclosure Statement; . . .
> 12. resolve any cases, controversies, suits, disputes or Causes of Action with respect to the releases, injunctions and other provisions contained in Article IX, and enter such orders as may be necessary or appropriate to implement such releases, injunctions and other provisions; . . .
> 13. resolve any cases, controversies, suits, disputes or Causes of Action with respect to the repayment or return of distributions and the recovery of additional amounts owed by the Holder of a Claim for amounts not timely repaid pursuant to Article VI.J.1; . . .
> 24. hear and determine all disputes involving the existence, nature, scope, or enforcement of any . . .
> exculpations, discharges, injunctions, and releases granted in connection with and under the Plan, including under Article IX; . . .
> 25. enforce all orders previously entered by the Bankruptcy Court; and
> 26. hear any other matter not inconsistent with the Bankruptcy Code.

(Dkt. 12-6, Ex. F at 46-47).

## II.     Plaintiff Agreed to Arbitrate All Claims Related to the Severance Agreement

On February 25, 2015, Plaintiff, TSI, and TSI, LLC, executed an amendment to the Severance Agreement (the "2015 Amendment"). (Dkt. 1, Compl. ¶¶ 12-17; Dkt. 12-1, Ex. A). The 2015 Amendment was executed and signed by TSI LLC, TSI, and Plaintiff. (*Id.* at 11). The 2015 amendment provides that "[i]***n the event of any dispute, controversy or claim between the Company and Executive in any way concerning, arising out of or relating to this Agreement*** (a "**Dispute**"), *** including without limitation any Dispute concerning, arising out of or relating to the interpretation, application or enforcement of this Agreement, the parties hereby agree and consent to the Arbitration Policy of the Company*** to the extent it applies to the Dispute." (*Id.* at 9, § 10 (emphasis added)). "Company" is defined in the 2015 Amendment as TSI "collectively

3

with its subsidiaries and affiliate," and "Executive" is defined as Carolyn Spatafora, the Plaintiff. (*Id.* at 1).

TSI's Arbitration Policy[1] is set forth in TSI's employee handbook, which provides as follows:

> If (1) your dispute involves a claim under federal, state or local law, (2) you are not satisfied with the results you received through the internal processes, and (3) you want to pursue the matter further against TSI, you must file a request for arbitration with the American Arbitration Association ("AAA") to pursue the claim. By accepting an offer of employment or by continuing employment with TSI, ***you agreed, as a condition of employment, that all Covered Claims are subject to arbitration, not trial in court. Covered Claims include all violations or infringements of a legally protected right arising out of or in any way relating to a team member's employment***, other than the exceptions set forth in TSI's Rules of Dispute Resolution (Dispute Resolution Rules).
> Binding arbitration provides for a quick, fair and binding resolution of your claim if it cannot be resolved internally. Further details concerning TSI's program are set forth in the Dispute Resolution Rules. ***You received the Dispute Resolution Rules when they were implemented or when you began your employment with TSI, whichever occurred later. The Dispute Resolution Rules are also available on our intranet — please review them***!

(Ex. J. Arbitration Policy at 19-20 (emphases added)). Plaintiff has not filed any request with the AAA to pursue its claim.

This agreement to arbitrate in the 2015 Amendment and TSI's Arbitration Policy was unchanged despite the fact that it went through several iterations and amendments and was ratified many times thereafter. Plaintiff alleges that the Severance Agreement was again amended in March 2016 (the "2016 Amendment"). (Dkt. 1, Compl. ¶¶ 18-19). The 2016 Amendment was executed and signed by Plaintiff, TSI, and TSI LLC. (Dkt.12-2, Ex. B at 2). The 2016 Amendment does not alter the parties' arbitration agreement, and expressly ratifies it: "[e]xcept as amended, the balance of the terms of the Severance Agreement remain in full force and effect with the parties hereto

---

[1] A true and correct copy of the Arbitration Policy is attached to the declaration of Patrick Walsh in support of the motion to compel arbitration as **Exhibit J.**

ratify[.]" (*Id.* at 3, § 3). The arbitration agreement was again ratified and left untouched by an amendment executed by the parties in March 2019 (the "2019 Amendment"). (Dkt. 12-3, Ex. C at 2 § 3).

### III. Plaintiff Brings Claims Based Entirely on Her Employment and the Severance Agreement

Plaintiff asserts five counts against TSI, and all of them are based on the Severance Agreement and her employment. Counts 1 and 2 are for breach of the Severance Agreement. (Dkt. 1, Compl. ¶¶ 48-59). The remaining counts are for restitution, quantum meruit, and declaratory relief directly relating to severance payments. (*Id.* ¶¶ 60-74). Plaintiff brings no other claims against TSI, and there are simply no claims alleged that are unrelated to Plaintiff's employment and severance payments.

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Thus, a district court must grant a motion to compel arbitration if a valid arbitration agreement exists and if the scope of the agreement governs the issues in the case. 9 U.S.C. § 4; *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003); *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015), *aff'd*, 659 F. App'x 40 (2d Cir. 2016), *as corrected* (Sept. 7, 2016), *as corrected* (Sept. 14, 2016). "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotations and alteration omitted). "[W]hen it is apparent—on the face of the complaint and documents properly incorporated therein—that claims are subject to arbitration, a district court may dismiss in favor

5

of arbitration without the delay of discovery."[2] *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

A party has "refused to arbitrate" under Section 4 of the FAA if it "commences litigation or is ordered to arbitrate the dispute by the relevant arbitral authority and fails to do so." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004). Thus, no demand for arbitration or notices are required under the FAA if a party has filed suit on claims that are arbitrable. *Solieri v. Ferrovie Dello Stato Spa*, No. 97 CIV. 8844 (RPP), 1998 WL 419013, at *5 (S.D.N.Y. July 23, 1998) (citing *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 195 (2d Cir. 1984)); *see also Etransmedia Tech., Inc. v. Nephrology Assocs.*, P.C., No. 1:11-CV-1042, 2012 WL 3544805, at *3 (N.D.N.Y. Aug. 16, 2012) ("A party manifests its refusal to arbitrate the subject matter of a dispute by failing to comply with an arbitration demand or commencing litigation. . . . Absent a provision in the contract between the parties, once an action to compel accrues there is no requirement that a party provide written demand or notice of the action prior to filing a petition to compel."). Here, Plaintiff commenced litigation on arbitrable claims, which dispenses of any requirements under the FAA related to providing notice or demand for arbitration.

## ARGUMENT

For the Court to compel arbitration, it must simply find that there exists a valid and enforceable agreement to arbitrate, and that the claims at issue fall within the scope of the

---

[2] TSI notes that all of the exhibits in Massimo D'Angelo's declaration are relied upon and referenced in the complaint and integral to Plaintiff's claims; therefore, the Court can properly take these documents into consideration without requiring further discovery. *Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020).

arbitration agreement. 9 U.S.C. § 4; *Shaw Grp. Inc.*, 322 F.3d at 120; *Patterson*, 96 F. Supp. 3d at 75. As set forth below, there is no dispute that these elements are satisfied, and the Court must compel arbitration.

## I.   There is a Valid and Enforceable Agreement to Arbitrate

In this case, there is a broad and valid agreement to arbitrate that incorporates by reference TSI's broad Arbitration Policy, and the scope of the claims here fall within that arbitration agreement. There is simply no dispute on the face of the documents that arbitration is required for claims relating to alleged failure to pay severance under Plaintiff's severance agreement.

The arbitration agreement in the 2015 Amendment provides that "[i]n the event of any dispute, controversy or claim between the Company and Executive in any way concerning, arising out of or relating to this Agreement (a **"Dispute"**), including without limitation any Dispute concerning, arising out of or relating to the interpretation, application or enforcement of this Agreement, the parties hereby agree and consent to the Arbitration Policy of the Company[.]" This agreement is valid and supported by consideration, as the 2015 Amendment provides that, with respect to that agreement, it is made "in consideration of the foregoing and the mutual covenants and agreements herein contained, and intending to be legally bound hereby, the parties hereby agree" to, among other things, arbitrate any disputes. (Dkt. 12-1, Ex. A at 1, 9, § 10). Accordingly, there is no dispute that the parties entered into a valid and enforceable agreement to arbitrate.

## II.   The Claims in this Case Fall within the Scope of the Arbitration Agreement

The 2015 Amendment provides that any dispute in any way concerning, arising out of or relating to the Severance Agreement, such as the claims here, must be dealt with in arbitration and not in federal court. (Dkt. 12-1, Ex. A at 9, § 10). Specifically, the 2015 Amendment provides that "[i]n the event of any dispute, controversy or claim between the Company and Executive in any

7

way concerning, arising out of or relating to this Agreement (a "Dispute"), including without limitation any Dispute concerning, arising out of or relating to the interpretation, application or enforcement of this Agreement, the parties hereby agree and consent to the Arbitration Policy of the Company to the extent it applies to the Dispute." (*Id*). All of the claims in this case are "concerning, arising out of or relating to" the Severance Agreement, and they are also a dispute "arising out of or relating to the interpretation, application or enforcement of" the Severance Agreement. *See Shaw Grp. Inc.*, 322 F.3d at 124-25 (finding that broadly worded language requiring the submission of all disputes "concerning" agreement to arbitration "clearly and unmistakably evidences the parties' intent to arbitrate" all questions related to the agreement). Thus, the Court must compel arbitration.

Additionally, TSI's Arbitration Policy is incorporated by reference in the 2015 Amendment, and courts must enforce dispute resolution rules and clauses that are clearly incorporated into an agreement by reference like the one here. *Aceros Prefabricados, S.A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir. 2002); *Ronan Assocs., Inc. v. Local 94-94A-94B, Int'l Union of Operating Engineers, AFL-CIO*, 24 F.3d 447, 449 (2d Cir. 1994); *see also Pool Deals, LLC v. United Parcel Serv., Inc.*, 454 F. Supp. 3d 208, 215 (W.D.N.Y. 2020) (enforcing arbitration clause with broad language applying to all claims "relating" to agreement at issue). Not only is the Arbitration Policy incorporated by reference into the Severance Agreement, the Arbitration Policy evidences a TSI practice in which all employees receive it. (Ex. J, Arbitration Policy at 20 ("You received the Dispute Resolution Rules when they were implemented or when you began your employment with TSI, whichever occurred later")).

The Arbitration Policy further reinforces the broad agreement to arbitrate any dispute related to employment, which includes "all violations or infringements of a legally protected right

8

arising out of or in any way relating to a team member's employment[.]" (*Id.* at 19-20). This language is more than broad enough to cover Plaintiff's claimed entitlement to severance payments and benefits, as it is a claimed right "relating to [Plaintiff's] employment." *See Shaw Grp. Inc.*, 322 F.3d at 124-25; *see also In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) (finding that broad arbitration provision with language requiring all claims "arising in connection with" to be broad enough to cover claims at issue). Indeed, other courts have found TSI's Arbitration Policy enforceable and have compelled arbitration pursuant to TSI's Arbitration Policy. *See Brownlee v. Town Sports Int'l Holdings, Inc.*, No. A-0816-17T4, 2019 WL 149645, at *2-3 (N.J. Super. Ct. App. Div. Jan. 8, 2019) (affirming lower court's decision to enforce Arbitration Policy contained in Employee Handbook, which is provided here), *cert. denied*, 238 N.J. 421, 211 A.3d 717 (2019). Whether under the Severance Agreement or the Arbitration Policy or both, the claims in this case fall within the scope of the parties' agreement to arbitrate. Accordingly, the Court should compel arbitration.

**III.     If There Are Any Claims, the Court Should Stay the Case Pending Arbitration**

The parties' arbitration agreement must be enforced. The FAA provides that "[i]f any suit or proceeding be brought in [federal court] upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. Accordingly, the Court should stay the case pending arbitration, if the Court finds that there is any basis whatsoever to consider claims that are within the exclusive jurisdiction of the Bankruptcy Court. *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015).

## CONCLUSION

For the reasons stated herein, TSI respectfully requests that the Court compel the parties to arbitrate this case and stay the case pending arbitration if there are any claims in this case or basis to disturb the Bankruptcy Court's exclusive jurisdiction. TSI further requests that the Court grant any further relief that is just and proper.

Dated: New York, New York
      March 4, 2021

Respectfully submitted,

**AKERMAN LLP**

By: /s/ *Massimo F. D'Angelo*
    Massimo F. D'Angelo
    Massimo.dangelo@akerman.com
520 Madison Avenue, 20th Floor
New York, New York 10022
Tel: (212) 880-3800

*Attorneys for Defendant Town Sports Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document by using the Court's Electronic Filing (CM/ECF) system on March 4, 2021, and service to all counsel of record was accomplished by that system.

Dated: New York, NY
       March 4, 2021

                                            */s/ Massimo F. D'Angelo*
                                            Massimo F. D'Angelo