**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**CAROLYN SPATAFORA,**

                          Case No. 1:21-CV-477 (AKH)(OTW)

        **Plaintiff,**

    - against -

**TOWN SPORTS INTERNATIONAL**
**HOLDINGS, INC.,**

        **Defendant.**

-----------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**


                                        LAW OFFICE OF
                                        PETER G. GOODMAN, PLLC
                                        Peter G. Goodman
                                        30 Broad Street, 37th Floor
                                        New York, New York 10004
                                        Tel: (212) 386-7619
                                        peter@goodmanpllc.com

                                        *Attorneys for Plaintiff*

**Table of Contents**

Preliminary Statement ................................................................................................................... 1

Statement of Facts ........................................................................................................................ 2

    A.    Spatafora's Employment and Termination. ............................................................ 2

    B.    The Arbitration Agreement. .................................................................................... 5

ARGUMENT .................................................................................................................................. 7

    POINT I ............................................................................................................................. 7

        THE BANKRUPTCY COURT DOES NOT HAVE JURISDICTION
        OVER PLAINTIFF'S CLAIMS AGAINST TOWN SPORTS
        INTERNATIONAL HOLDINGS, INC. ................................................................ 7

    POINT II ............................................................................................................................ 8

        SPATAFORA'S CLAIMS UNDER THE 2015 SEVERANCE
        AGREEMENT ARE EXPRESSLY EXCLUDED FROM
        DEFENDANT'S ARBITRATION POLICY ........................................................ 8

Conclusion ................................................................................................................................... 13

## **Table of Authorities**

Cases

*Brownlee v. Town Sports Int'l Holdings, Inc.,* No. A-0816-1714, 2019 WL 149645 at *2-3 (N.J. Super. Ct. App. Div. Jan 8, 2019) ................................................................................... 12

*David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.,* 923 F.2d 245, 250-251 (2d Cir. 1991) .. 9, 12

*EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S. Ct. 754, 764; 151 L. Ed. 2d 755, 769 (2002) ........................................................................................................................... 10

*In re A2p SMS Antitrust Litig.,* 972 F. Supp. 2d 465, 474 (S.D.N.Y. 2013) .................................. 9

*Philips Light. Co. v Schneider*, 2014 U.S. Dist. LEXIS 121157, at *31-32 (E.D.N.Y. Aug. 28, 2014, No. 05-cv-4820 (SLT) (MDG) ............................................................................... 8

*Schwartz v. Newsweek, Inc.,* 653 F. Supp. 384, 387 (S.D.N.Y. 1986) *aff'd.* 827 F.2d 879 (2d Cir. 1987) ............................................................................................................................. 12

*U.S. Bank N.A. v Perlmutter (In re S. Side House, LLC)*, 470 B.R. 659, 673 (Bankr. E.D.N.Y. 2012) ............................................................................................................................... 8

*U.S. Bank Trust Nat'l Ass'n v Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 301-302 (Bankr. S.D.N.Y. 2013) ................................................................................................. 11

**Other Authorities**

Ballentine's Law Dictionary, 3rd Edition ..................................................................................... 11

Plaintiff, Carolyn Spatafora ("**Plaintiff**" or "**Spatafora**"), respectfully submits this Memorandum of Law in Opposition to the Motion to Compel Arbitration filed by Defendant, Town Sports International Holdings, Inc. ("**Defendant**" or "**Holdings**").

**Preliminary Statement**

Defendant's motion to compel arbitration should be denied because the parties' arbitration agreement expressly excludes Spatafora's claim for benefits under an individual Executive Severance Agreement. Because Spatafora's claims are not "Covered Claims" under the arbitration agreement, there is no basis to compel the parties to arbitrate. Further, the U.S. Bankruptcy Court for the District of Delaware has no jurisdiction over the claims Spatafora asserted against Holdings in this action.

Holdings is not a debtor in the Chapter 11 bankruptcy case filed by Town Sports International, LLC ("**TSI LLC**"). Rather, Holdings is a co-obligor (together with TSI LLC) of the severance payment liabilities under the 2015 Severance Agreement pursuant to which Spatafora brought her claims. By its express terms, the 2015 Severance Agreement superseded all prior agreements between the parties, including the 2014 Severance Agreement. Thus, as a matter of law any discharge granted to TSI LLC by the Bankruptcy Court does not affect the liability of the co-obligor Holdings. There are no claims asserted against TSI LLC in this case, and there is no jurisdictional impediment to this Court hearing this action.

The terms and conditions of the arbitration agreement between Spatafora and Holdings unambiguously exclude Spatafora's claims. The Rules of Dispute Resolution Including Arbitration, which were in effect at all relevant times, state specifically that "[c]laims for benefits under any individual Executive Severance Agreement" is not a covered claim. Spatafora – the former Chief Financial Officer of Holdings – has asserted claims in this case for benefits under

her Amended and Restated Executive Severance Agreement. Without question, Spatafora's claims are expressly excluded from the scope of the arbitration agreement. Defendant's motion should be denied.

## Statement of Facts

Spatafora commenced this action for, among other things, breach of contract and anticipatory breach of contract, with respect to Defendant's breach of an executive severance agreement with Holdings. Plaintiff seeks an award of damages for unpaid severance benefits, including base salary, premiums for health insurance coverage and continuation of her dental coverage.[1]

**A. Spatafora's Employment and Termination.**

Spatafora alleges she was employed by Holdings in or about May 2014 as its Chief Financial Officer. FAC, para. 7. On or about May 12, 2014, Spatafora entered into an executive severance agreement with Defendant's subsidiary, Town Sports International, LLC ("**TSI LLC**"), entitled Executive Severance Agreement – Carolyn Spatafora, dated as of May 12, 2014, between Town Sports International, LLC and Carolyn Spatafora ("**2014 Severance Agreement**"). *Id.,* paras. 8-10.

On or about February 25, 2015, Spatafora entered into an Amended and Restated Executive Severance Agreement dated as of February 25, 2015, between Town Sports International Holdings,

---

[1] The Statement of Facts is derived in part from Plaintiff's First Amended Complaint, filed on March 23, 2021 [ECF Doc. No. 19], and shall be referred to as the "**FAC**." The FAC is annexed to the Declaration of Peter G. Goodman, dated April 1, 2021, as Exhibit "1."

Inc. and Carolyn Spatafora ("**2015 Severance Agreement**"). The 2015 Severance Agreement was signed by Spatafora, Holdings and TSI LLC. FAC, paras. 11-13.[2]

Spatafora alleges that by including Holdings as a party and obligor to the 2015 Severance Agreement, Spatafora intended to protect herself from the risk that TSI LLC would be unwilling or unable to comply with its obligations under the 2014 Severance Agreement as a result of TSI LLC's declining financial condition and new board leadership. FAC, para. 14. Paragraph 16 of the 2015 Severance Agreement states that the 2015 Severance Agreement "supersedes all prior agreements, whether verbal or in writing, including without limitation the [2014 Severance Agreement]." FAC, para. 18; Spatafora Decl., Exh. 1, para. 16.

On or about March 20, 2019, Spatafora, on the one hand, and Holdings and TSI LLC, on the other, signed the Second Amendment to Amended and Restated Executive Severance Agreement, dated March 20, 2019 ("**Second Amendment**").[3] FAC, paras. 21-24.[4] By entering into the Second Amendment, Holdings and TSI LLC intended to provide severance to Spatafora in the event she became disabled. Specifically, Section 2 of the Second Amendment provided that Spatafora "shall be entitled to Severance stated herein if she becomes Disabled … Such Disability being a Qualifying Termination by Employee." FAC, paras. 26-27; Spatafora Decl., Exh. 2. Further, Section 3 of the Second Amendment amended paragraph 2(a) of the 2015 Severance Agreement by inserting the following subsection (quoted in relevant part):

---

[2] A copy of the 2015 Severance Agreement is annexed to the Declaration of Carolyn Spatafora, dated April 1, 2021 ("**Spatafora Decl.**"), as Exhibit "1."

[3] On or about March 31, 2016, the parties signed a first Amendment to Amended and Restated Executive Severance Agreement, the terms of which are not relevant to this motion. FAC, paras. 19-20.

[4] A copy of the Second Amendment is annexed to the Spatafora Decl. as Exhibit "2."

3

> (v) <u>Termination without Cause or a Constructive Termination</u>.  If Executive's employment with Company is terminated by the Employee by reason of her Disability, Executive except as set forth below <u>shall have the right to receive Severance Payments as described in Section 3 of the Severance Agreement</u> as if it were a Constructive Termination.

FAC, 28; Spatafora Decl., Exh. 2 (internal underlining added).

"Severance Payments" is defined in the 2015 Severance Agreement as "the aggregate gross amount of severance payments determined in accordance with Sections 2 and 3 of this Agreement to be paid to the Executive who is entitled to receive such Severance Payments under this Agreement."  Spatafora Decl., Exh. 1, para. 1(g).  Paragraph 3 of the 2015 Severance Agreement states the Severance Payments that Spatafora "shall receive" include (i) continuation of her annual base salary for fourteen months in the event of a Constructive Termination, (ii) annual bonus (as set forth therein), (iii) continuation of health and dental coverage and disability coverage, and payment of the portion of the premium it pays for active employees.  *Id.,* para. 3.

Spatafora alleges that at all relevant times, she suffered from orthopedic and autoimmune conditions that constituted a Disability as defined in paragraph 1(e) of the 2015 Severance Agreement.  FAC, para. 31.  Spatafora terminated her employment with Defendant on or about February 1, 2020, by reason of her Disability, and was, therefore, eligible to receive Severance Payments from Holdings pursuant to the 2015 Severance Agreement, as amended by the Second Amendment.  *Id.,* paras. 35-37.

After Spatafora's termination from employment, Defendant paid Spatafora her annual base salary for over six months, in the aggregate sum of $193,173.12, paid the quarterly premiums for health insurance coverage until in or about October, 2020, continued Spatafora's dental coverage until on or about November 30, 2020, continued Spatafora's disability coverage, and paid Spatafora the bonus to which she was entitled.  FAC, para. 48.  However, Defendant thereafter ceased making Severance Payments (other than continuing her disability coverage).  *Id.,* paras. 52-

54. As a result, Spatafora commenced this action and seeks damages in excess of $240,000. *Id.,* paras. 60, 68.

   B. **The Arbitration Agreement.**

   Paragraph 10 of the 2015 Severance Agreement provides, in relevant part:

   Consent to Jurisdiction. In the event of any dispute, controversy or claim between the Company and Executive in any way concerning, arising out of or relating to this Agreement (a "**Dispute**"), including without limitation any Dispute concerning, arising out of or relating to the interpretation, application or enforcement of this Agreement, the parties hereby agree and consent to the Arbitration Policy of the Company to the extent it applies to the Dispute. If enforcement of the arbitration award is required or the Dispute is not covered by the Company's Arbitration Policy, the parties hereby (a) agree and consent to the personal jurisdiction of the courts of the State of New York located in New York County and/or the Federal courts of the United States of America located in the Southern District of New York (collectively, the "**Agreed Venue**") for resolution of any such Dispute, (b) agree that those courts in the Agreed Venue, and only those courts, shall have exclusive jurisdiction to determine any Dispute, including any appeal, and (c) agree that any cause of action arising out of this Agreement shall be deemed to have arisen from a transaction of business in the State of New York. (Bold in original, underlining added).

   Defendant alleges the Team Member Handbook 2018 ("**Handbook**") states the Arbitration Policy that was in effect at the time of Spatafora's employment and up and until the time of her termination. Declaration of Patrick Walsh, dated March 4, 2021 ("Walsh Decl."), Exhibit J, paras. 4-5 [ECF Dkt. No. 15]. The Handbook states, in relevant part:

   If (1) your dispute involves a claim under federal, state or local law, (2) you are not satisfied with the results you received through the internal processes, and (3) you want to pursue the matter further against TSI, you must file a request for arbitration with the American Arbitration Association ("AAA") to pursue the claim. By accepting an offer of employment or by continuing employment with TSI, you agreed, as a condition of employment, that all Covered Claims are subject to arbitration, not trial in court. Covered Claims include all violations or infringements of a legally protected right arising out of or in any way relating to a team member's employment, other than the exceptions set forth in TSI's Rules of Dispute Resolution (Dispute Resolution Rules).

5

> Binding arbitration provides for a quick, fair and binding resolution of your claim if it cannot be resolved internally.  <u>Further details concerning TSI's program are set forth in the Dispute Resolution Rules</u>.  You received the Dispute Resolution Rules when they were implemented or when you began your employment with TSI, whichever occurred later.  The Dispute Resolution Rules are also available on our intranet – please review them!

*Id.,* pp. 19-20.

On or about April 27, 2014, Spatafora signed electronically an Agreement to Arbitrate and Acknowledgement of Receipt of Dispute Resolution Program ("**Agreement to Arbitrate**").  *See,* Spatafora Decl., para. 4, Exh. 3.  The Agreement to Arbitrate incorporates by reference Defendant's "Dispute Resolution Program – Rules of Dispute Resolution Including Arbitration" that was in effect during Spatafora's employment and at the time of her termination.  *Id.,* Exh. 3, para. 4.  A copy of the Dispute Resolution Program – Rules of Dispute Resolution Including Arbitration is annexed to Spatafora's Declaration as Exhibit "4" ("**Rules of Dispute Resolution**").

The Rules of Dispute Resolution states in relevant part, on pages 3-4:

> **What is a Covered Claim?**
>
> Arbitration applies to any "Covered Claim" whether arising before or after the Effective Date of the Rules.  A Covered Claim is any claim asserting the violation or infringement of a legally protected right, whether based on statutory or common law, brought by an existing or former employee or job applicant, arising out of or in any way relating to the employee's employment, the terms or conditions of employment, or an application for employment, including the denial of employment, <u>unless specifically excluded as noted in "What is Not a Covered Claim" below</u>.  Covered Claims include: [various types of claims listed]. (Underlining added).
>
> **What is not a Covered Claim?**
>
> * * *
>
> - Claims for benefits under any individual Executive Severance Agreement.
>
> * * *

# ARGUMENT

## POINT I

### THE BANKRUPTCY COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST TOWN SPORTS INTERNATIONAL HOLDINGS, INC.

Defendant contends that Plaintiff's claims were discharged in the Chapter 11 case <u>filed by TSI LLC</u> in the U.S. Bankruptcy Court for the District of Delaware (Case No. 20-12168-CSS) (the "**Chapter 11 Case**"). Defendant also asserts that the Bankruptcy Court retained exclusive jurisdiction over all matters arising out of or related to the Chapter 11 Case, including Spatafora's claims. Defendant's argument is fatally flawed.

First, the only defendant in the action before this Court – Holdings – is *not* a debtor in the Chapter 11 Case. The Chapter 11 Case is styled *In re: Town Sports International, LLC, et. al.* and is a jointly administered case involving numerous debtors. *See,* Second Amended Joint Chapter 11 Plan of Town Sports International, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, annexed to the Goodman Decl., Exh. 2, p. 1. A list of TSI LLC's affiliated companies which are debtors in the Chapter 11 Case is set forth on the website of TSI LLC's claims and noticing agent. Goodman Decl., Exh. 2, p. 1, fn. 1 and Exh. 3. Notably, Holdings is not listed as a debtor in the Chapter 11 Case.

Second, even if TSI LLC was the only party to the 2014 Severance Agreement,[5] that agreement was expressly superseded by the 2015 Severance Agreement. Spatafora Decl., Exh. 1, para. 16 (The 2015 Severance Agreement "supersedes all prior agreements, whether verbal or in writing, including without limitation the [2014 Agreement]"). Thus, the 2014 Severance

---

[5] Referred to by Defendant as the "original" Severance Agreement. *See,* Defendant's Memorandum of Law in Support of Motion to Compel [ECF No.16] ("**Def. MOL**"), p. 2.

7

Agreement is immaterial to this case, including issues of discharge in bankruptcy and arbitrability. Moreover, Spatafora has not asserted claims under the 2014 Severance Agreement.

Third, Holdings is a signatory and co-obligor of the 2015 Severance Agreement. As such, Holdings is subject to Spatafora's claims under the 2015 Severance Agreement. Regardless of whether TSI LLC was granted a discharge of its obligations under the 2015 Severance Agreement, the Chapter 11 Case did not discharge Holdings' liability to third-party creditors under the 2015 Severance Agreement. "[T]the Bankruptcy Code provides that the 'discharge of a debt of the debtor does not affect the liability of any other entity ... for such debt.' 11 U.S.C. § 524(e)." *Philips Light. Co. v Schneider*, 2014 U.S. Dist. LEXIS 121157, at *31-32 (E.D.N.Y. Aug. 28, 2014, No. 05-cv-4820 (SLT) (MDG)) *citing Credit Suisse First Bost. Mortg. Capital v. Cohn*, 2004 U.S. Dist. LEXIS 16577, 2004 WL 1871525, at *8 (S.D.N.Y. Aug. 19, 2004) (finding that a debtor's discharge did not affect the liability of a non-debtor guarantor). *See also, U.S. Bank N.A. v Perlmutter (In re S. Side House, LLC)*, 470 B.R. 659, 673 (Bankr. E.D.N.Y. 2012) *citing Stoller's, Inc. v. People's Trust Bank (In re Stoller's Inc.)*, 93 B.R. 628, 635-36 (Bankr. N.D. Ind. 1988) ("bankruptcy proceedings do not affect the liabilities of co-debtors and guarantors").

## POINT II

### SPATAFORA'S CLAIMS UNDER THE 2015 SEVERANCE AGREEMENT ARE EXPRESSLY EXCLUDED FROM DEFENDANT'S ARBITRATION POLICY

Because Spatafora's claims for benefits under an Executive Severance Agreement are specifically and expressly excluded from the arbitration agreement, there is no basis to compel arbitration. "Whether a dispute is arbitrable comprises two questions: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Nat'l*

8

*Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996)." *In re A2p SMS Antitrust Litig.,* 972 F. Supp. 2d 465, 474 (S.D.N.Y. 2013). Further,

> Although "there is a strong and 'liberal federal policy favoring arbitration agreements,'" *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 625, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)), because "[a]rbitration is a matter of contract . . . a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit," *Ragone v. Atl. Video at Manhattan Center*, 595 F.3d 115, 126 (2010) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004)) (alterations omitted). Rather, a court "should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 130 S. Ct 2847, 2858-59, 177 L. Ed. 2d 567 (2010) (emphasis in original). "In this endeavor, as with any other contract, the parties' intentions control." *UBS Fin. Servs., Inc. v. W. Va. Univ*., 660 F.3d 643, 661 (2d Cir. 2011) (quoting *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp*., 559 U.S. 662, 682, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010).

*Id.,* at p. 474-475.

"Arbitration should be compelled 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' [citations omitted] … Additionally, we are mindful of the Supreme Court's directive with respect to broad arbitration clauses: 'In the absence of any <u>express provision excluding a particular grievance from arbitration</u>, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.' *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-85, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960))." *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.,* 923 F.2d 245, 250-251 (2d Cir. 1991) (underlining added).

"Because the FAA is 'at bottom a policy guaranteeing the enforcement of private contractual arrangements,' *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985), we look first to whether the parties agreed to arbitrate a dispute, not to general policy goals, to determine the scope of the agreement. *Id*. at 626. While ambiguities in the language of the agreement should be resolved in favor of arbitration … we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated. 'Arbitration under the [FAA] is a matter of consent, not coercion.' *Id.* at 479." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S. Ct. 754, 764; 151 L. Ed. 2d 755, 769 (2002).

Here, the 2015 Severance Agreement states that the parties agree and consent to Holdings' Arbitration Policy "to the extent it applies to the Dispute." Spatafora Decl., Exh. 1, para. 10. The plain text of this restrictive language clearly evidences the parties' intent that there may be a "dispute, controversy or claim between [Holdings] and [Spatafora] … concerning, arising out of or relating to" the 2015 Severance Agreement that is non-arbitrable. *Id.* Further, the Handbook states that "Covered Claims include all violations or infringements of a legally protected right arising out of or in any way relating to a team member's employment, <u>other than the exceptions set forth in TSI's Rules of Dispute Resolution (Dispute Resolution Rules)</u>." Walsh Decl., Exh. J*.,* p. 19 (underlining added).[6]

The specific exceptions to arbitration are clearly and plainly set forth in the Rules of Dispute Resolution, which were incorporated by reference into the Agreement to Arbitrate. Spatafora Decl., Exh. 3, para. 4. First, the section entitled "What is a covered claim" references

---

[6] The Handbook also states that "[f]urther details concerning TSI's program are set forth in the Dispute Resolution Rules." *Id.,* p. 20.

10

the exceptions with the language "unless specifically excluded as noted in "What is Not a Covered Claim" below." [7] Spatafora Decl., Exh. 4, p. 3. The section entitled "What is not a covered claim?" identifies nine types of claims, including "Claims for benefits under any individual Executive Severance Agreement." *Id.*, p. 4.

The Arbitration Policy, including the Rules of Dispute Resolution, unambiguously excludes from arbitration claims for benefits under an individual Executive Severance Agreement.[8] There also can be no dispute that Spatafora's claims in this action fall within the scope of the exclusion. The plain terms of the 2015 Severance Agreement (the full title "Amended and Restated Executive Severance Agreement) demonstrate that it is an *individual* Executive Severance Agreement. Spatafora is the only employee who is a party to the agreement, the agreement amended and restated a prior Executive Severance Agreement (the 2014 Severance Agreement) to which Spatafora was a party, and the agreement was amended twice, including the Second Amendment that applies to Spatafora's claim for severance benefits based on disability. Additionally, Defendant admits that all claims in this case relate to the severance agreement. Def. MOL, p. 1, 8.

---

[7] It is immaterial that the Handbook uses the term "exceptions" and the Rules of Dispute Resolution uses the term "excluded." *See,* definition of "Excluding: Taking out; keeping out; excepting." Ballentine's Law Dictionary, 3rd Edition.

[8] The definition of Covered Claim set forth in the Rules of Dispute Resolution includes "[b]reach of any express or implied contract, breach of a covenant of good faith and fair dealing, and claims of wrongful termination or constructive discharge." Spatafora Decl., Exh. 4, p. 3. However, this general category of contract claims is not inconsistent with the specific type of contract claim identified as non-covered (individual Executive Severance Agreement); by its plain terms, the Rules of Dispute Resolution simply carve out a narrow category of contract claim that is non-arbitrable. These terms do not contradict one another, the non-covered claims identify a narrow type of contract that is not subject to arbitration. Even if it can be concluded that the two terms are inconsistent, the specific language of "individual Executive Severance Agreement" should be given greater weight than the general language, and it controls. *See, U.S. Bank Trust Nat'l Ass'n v Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 301-302 (Bankr. S.D.N.Y. 2013).

Finally, Spatafora's claims fall within the exclusion from arbitration because they clearly are for "benefits" under the 2015 Severance Agreement. "Severance Payments" are defined as "the aggregate gross amount of severance payments determined in accordance with Sections 2 and 3 of [the 2015 Severance Agreement] to be paid to" Spatafora. Spatafora Decl., Exh. 1, para (g). Paragraph 3 of the 2015 Severance Agreement identifies Severance Payments as including all of the items Spatafora claims in this action: base salary; continuation of health and dental coverage and disability coverage, and payment of the portion of the premium it pays for active employees. *Id.,* para. 3. Clearly, these are "benefits" under the 2015 Severance Agreement. *See, Schwartz v. Newsweek, Inc.,* 653 F. Supp. 384, 387 (S.D.N.Y. 1986) *aff'd.* 827 F.2d 879 (2d Cir. 1987) (severance pay policies "fell within the ERISA category of unemployment benefits, explicitly covered by the act as a type of 'employee welfare benefit plan.'") *citing Gilbert v. Burlington, Inc.*, 765 F.2d 320 (2d Cir. 1985)*, aff'd mem., Roberts v. Burlington Industries, Inc.,* 477 U.S. 901, 106 S. Ct. 3267, 91 L. Ed. 2d 558 (1986).

In sum, there is an unambiguous "express provision excluding a particular grievance from arbitration."[9] *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*, 923 F.2d at 251. The clear intent of the parties, as manifested by the plain text of the operative documents, compels the conclusion that Spatafora's claims are excluded from arbitration.

---

[9] Defendant's citation of *Brownlee v. Town Sports Int'l Holdings, Inc.,* No. A-0816-1714, 2019 WL 149645 at *2-3 (N.J. Super. Ct. App. Div. Jan 8, 2019) is inapplicable. Unlike Spatafora, the employee in that case had asserted discrimination and retaliation claims under the New Jersey Law Against Discrimination and had not argued her claims were subject to a specific exclusion from arbitration under the Rules of Dispute Resolution.

**Conclusion**

The U.S. Bankruptcy Court for the District of Delaware has no jurisdiction over Spatafora's claims against Holdings in this action. Further, the parties' arbitration agreement expressly excludes Spatafora's claim for benefits under her individual Executive Severance Agreement. Because Spatafora's claims are not "Covered Claims" under the arbitration agreement, there is no basis to compel the parties to arbitrate. Defendant's motion to compel arbitration should be denied.

Dated: April 1, 2021

                                       LAW OFFICE OF
                                       PETER G. GOODMAN, PLLC

                                       By:    s/ *Peter G. Goodman*
                                       Peter G. Goodman
                                       30 Broad Street, 37th Floor
                                       New York, New York 10004
                                       Tel: (212) 386-7619
                                       peter@goodmanpllc.com

                                       *Attorneys for Plaintiff*
                                       *Carolyn Spatafora*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document by using the Court's Electronic Filing (CM/ECF) system on April 1, 2021, and service to all counsel of record was accomplished by that system.

Dated:  April 1, 2021                                         s/ Peter G. Goodman
                                                                         Peter G. Goodman