UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN SPATAFORA,<br><br>                   Plaintiff,<br><br>    v.<br><br>TOWN SPORTS INTERNATIONAL HOLDINGS, INC.,<br><br>                   Defendant. | Civil Action No.: 1:21-cv-477<br><br>**REPLY IN SUPPORT OF TOWN SPORTS INTERNATIONAL HOLDINGS, INC.'S MOTION TO COMPEL ARBITRATION** |

**PRELIMINARY STATEMENT**

Town Sports International Holdings, Inc. ("TSI") replies briefly, as there does not appear to be any disputed issues between the parties that would prevent the Court from granting TSI's motion to compel Carolyn Spatafora's ("Plaintiff") claims to arbitration.

Plaintiff does not dispute the validity and enforceability of the parties' agreement in the rules of dispute resolution ("Rules"), cited and relied upon by Plaintiff herself, which require all issues of arbitrability to be decided in arbitration. (ECF No. 23-4 at 13.) Thus, there is no dispute that this case must proceed in arbitration.

Plaintiff also does not dispute that all her claims concern "Severance Payments" as that term is defined in the parties' agreements and that her claims include severance pay. She simply argues—contrary to plain language of the parties' agreement and the plain meaning of words—that the word "benefits" should be expanded to include all claims related to any executive severance agreement and any "severance payments," although the Rules are clear that all claims related to severance pay must be decided in arbitration. This narrow dispute regarding the meaning

of the language in the parties' agreements must be decided by an arbitrator; but even if the Court were to decide this dispute, it is clear that the plain language of the parties' agreements requires a dispute like the one here related to "Severance Payments" and severance pay to proceed in arbitration.

Finally, Plaintiff's breach of contract claims are common law claims that indisputably must be arbitrated under the Rules. (ECF No. 23-4 at 3.) Thus, there are several independent grounds to compel arbitration, and TSI respectfully submits that any of these grounds, either together or independently, require that the Court compel arbitration.

**I.    Plaintiff Does Not Dispute That Even the Present Dispute as to Whether This Case is Covered by the Arbitration Agreement Must be Decided in Arbitration**

Plaintiff does not dispute that the Rules governing arbitration provide: "Any dispute concerning these Rules, *whether as to applicability, meaning, enforceability*, or any claim that all or part of the Rules is void or voidable (except any dispute regarding the validity of the class action, collective action or representative action waiver contained in these Rules), *is subject to arbitration under these Rules*." (ECF No. 23-4 at 13, Rules (emphasis added).) Plaintiff cannot overcome the result of this language and advances no argument to overcome the fact that this language requires arbitration over all disputes, even disputes like the one here as to the applicability of the arbitration agreement to Plaintiff's claims.

Contrary to Plaintiff's assertion, TSI cites numerous legal authorities that require this Court to honor and give effect to the plain language of the Rules. (ECF No. 36, Mem. at 4 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." (internal quotations and alteration omitted)).) The plain language of the Rules requires an arbitrator to resolve all issues related to the meaning, applicability, and enforceability of the arbitration

2

agreement, and this clause must be enforced as Plaintiff does not dispute that this provision is valid and enforceable. These types of clauses are regularly enforced. *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 211 (2d Cir. 2005) ("We agree with the district court that [the plaintiff's] purported right to enforce the 1999 Agreement is a matter of the Agreement's continued existence, validity and scope, and is therefore subject to arbitration under the terms of the arbitration clause."); *Mobile Real Est., LLC v. NewPoint Media Grp., LLC*, 460 F. Supp. 3d 457, 472 (S.D.N.Y. 2020) ("Thus, because the initial agreement incorporated the AAA Rules, whether the plaintiff's claims were subject to arbitration was a matter of the initial agreement's continued existence, validity, and scope, and was therefore subject to arbitration under the arbitration clause." (internal quotations and alterations omitted)). Because Plaintiff does not dispute that it agreed to have an arbitrator decide the scope, applicability, meaning, and enforceability of the parties' arbitration agreement, there is no dispute this case must be compelled to arbitration.

Plaintiff relies heavily on *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1032 (2d Cir. 2014) and *Microsoft Corp. v. Samsung Elecs. Co.*, 60 F. Supp. 3d 525, 530 (S.D.N.Y. 2014), but both cases are inapposite. In *NASDAQ*, the arbitration agreement at issue did "not clearly and unmistakably direct that questions of arbitrability be decided by" an arbitrator. In sharp contrast here, Plaintiff does not dispute that the Rules require an arbitrator to decide all questions related to, among other things, the "applicability," "meaning," and "enforceability" of the arbitration agreement. The arbitration agreement in *Microsoft* was even narrower than the one in *Samsung*, and simply is not an arbitration agreement like the one here which clearly and unmistakably requires all questions related to arbitrability to be decided in arbitration. Because Plaintiff does not dispute that it agreed to have an arbitrator decide the scope, applicability,

meaning, and enforceability of the parties' arbitration agreement, this case must be compelled to arbitration.

## II. Plaintiff Still Cannot Explain how its Suit for "Severance Pay" is a Suit for "Benefits" Under an Executive Severance Agreement

Plaintiff spends much time arguing that "[t]aken together, the 2015 Severance Agreement, Handbook, and the Rules of Dispute Resolution, unambiguously exclude from arbitration *claims for benefits* under an individual Executive Severance Agreement." (ECF No. 38, Resp. at 11 (emphasis added).) Plaintiff, however, cannot explain how its claim for breach of contract, which includes a claim for severance pay, is a "claim for benefits" under an individual Executive Severance Agreement.

Instead, Plaintiff agrees that the term "Severance Payments," as defined in the parties' agreement includes everything at issue in this case: "Paragraph 3 of the 2015 Severance Agreement identifies Severance Payments as including all of the items Spatafora claims in this action: base salary; continuation of health and dental coverage and disability coverage, and payment of the portion of the premium it pays for active employees." (*Id.* at 12.) Plaintiff's breach of contract claim which plainly covers something defined in the parties' agreements as "Severance Payments," which in turn is defined to include severance pay, is indisputably a dispute regarding "severance/separation pay" and not "benefits" under an executive severance agreement. Reading a term that is defined to include severance pay and is entitled "Severance Payments" to mean "benefits" is illogical and revises the plain language of the agreements at issue.

Plaintiff then expands the language beyond the word "benefits" by arguing that its proposed construction requires all "severance claims" involving an executive severance agreement to be decided outside of arbitration, and all of those claims not involving an executive severance agreement to be submitted to arbitration (*id.* at 14). The language at issue, however, only carves

out "*claims for benefits*" from the scope of arbitration and not *all* severance claims involving executives. Plaintiff also concedes that her lawsuit is not about "benefits" in that it does not implicate the types of things that are commonly understood as benefits covered by the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*: "Spatafora does not contend that the 2015 Severance Agreement is covered by the Employment Retirement Income Security Act[.]"

Plaintiff then, without citing any evidence and vigorously asserting that some types of claims are arbitrable and others are not, argues that it is "absurd" and cannot be possible that the parties agreed for some claims to be arbitrated and others to be decided in federal court. But TSI's interpretation of the parties' arbitration agreement requires all claims at issue here to be arbitrated because they are all common law claims and they are all claims regarding severance pay given that, as Plaintiff concedes, the parties have agreed that "Severance Payments" include "all of the items Spatafora claims in this action." (*Id.* at 12.) As set forth in TSI's opening brief, and conceded by Plaintiff, the claims at issue here all concern common law claims and "severance/separation pay" and must be decided by an arbitrator. (ECF No. 36, Mem. at 8-12.)

### III.   Plaintiff's Voluntary Dismissal of Common Law Claims is A Tacit Concession That her Common Law Claim for Breach of Contract is Arbitrable

Plaintiff does not dispute that common law claims must be arbitrated, and to avoid arbitration, she asks the Court to permit her to voluntarily dismiss her common law unjust enrichment and *quantim meruit* claims. (ECF No. 38, Resp. at 15.) According to Plaintiff, "[t]herefore, Defendant's argument that Spatafora's claims for unjust enrichment and *quantum meruit* are common law, arbitrable claims under the Rules of Dispute Resolution, is moot and should be disregarded." (*Id.*)

But Plaintiff's breach of contract claim is also a common law claim that must be arbitrated pursuant to the Rules. (ECF No. 23-4 at 3.) Plaintiff's breach of contract claim is a claim brought

5

under New York's common law. *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 459, 97 S. Ct. 1261, 1271, 51 L. Ed. 2d 464 (1977) ("[S]uits for damages for breach of contract, for example, were suits at common law[.]"); *Abdel-Karim v. EgyptAir Airlines*, 116 F. Supp. 3d 389, 406 (S.D.N.Y. 2015) (observing that a breach of contract claim is a common law claim under state law), *aff'd sub nom. Abdel-Karim v. Egyptair Holding Co.*, 649 F. App'x 5 (2d Cir. 2016); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 534 (E.D.N.Y. 2011) (same). Plaintiff does not dispute and concedes that common law claims must be arbitrated; therefore, so too must any breach of contract claim, including any breach of a severance agreement between TSI and Plaintiff, which are the only remaining claims in this case. Accordingly, the Court should compel arbitration.

## CONCLUSION

For the foregoing reasons, TSI respectfully requests that the Court compel arbitration and grant any further relief that is just and proper.

Dated: May 25, 2021

**AKERMAN LLP**

By: /s/ *Massimo F. D'Angelo*
Massimo F. D'Angelo
Akerman LLP
1251 Avenue of the Americas,
37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
massimo.dangelo@akerman.com
*Counsel for Town Sports International Holdings, Inc.*